**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FIDENCIO CANO ARMENTA and MOISES
GARCÍA SANTIAGO,

                              Plaintiffs,

         -against-

SINGAPORE GRILL NY INC. D/B/A
MALAYSIA GRILL and JIMMY YEO A/K/A
HOON CHYE YEO,

                       Defendants.

Case No.:  24 Civ. 1261

**COMPLAINT**

---

Plaintiffs, by and through their undersigned attorneys, state and allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs Fidencio Cano Armenta and Moises García Santiago (collectively,
"Plaintiffs") bring this action against their current employers Singapore Grill NY Inc. d/b/a
Malaysia Grill and Jimmy Yeo a/k/a Hoon Chye Yeo (collectively, "Defendants"), for egregious
violations of Federal and New York State labor laws, including by willfully failing to pay
minimum wage, overtime pay, and spread of hours compensation.

2.      Between approximately March 2011 through to the present date, for varying
periods of time, Plaintiffs have worked at a restaurant operated by Defendants and doing business
as "Malaysia Grill" in upper Manhattan.  Among other tasks, Plaintiffs have been assigned to work
as line cooks, dishwashers, deliverymen, and cleaning staff.

3.      During Plaintiffs' respective employments at Malaysia Grill, Defendants paid
Plaintiffs salaries that were the equivalent of an hourly rate of as little as $3.33, well below the
required minimum wage under the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL").  In addition, Defendants failed to pay any overtime premiums or spread of hours compensation despite often requiring Plaintiffs to work more than 10 hours per day for as many as five or six days per week.

4.      Defendants also failed to provide Plaintiffs with a wage notice upon hire or rehire, or accurate wage statements or explanations of how their wages were calculated for each pay period as required under the NYLL, or to reimburse Plaintiffs for unlawful deductions from their wages related to costs incurred as expenses on behalf of Defendants as required under the NYLL.

5.      On account of these violations, and as set forth in greater detail below, Plaintiffs seek to recover unpaid minimum wages, unpaid overtime, unpaid spread of hours, and unreimbursed wage deductions going back to approximately July 2017, the date of the applicable statute of limitations including all applicable tolling,[1] but not co-extensive with the Defendants' chronic underpayment of Plaintiffs (which stretches back even further), as well as attorneys' fees and costs, interest, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 216, and 28 U.S.C. § 1331.

7.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391 because the events giving rise to the claims occurred in this District.

---

[1] *See infra* ¶¶ 68-69.

## PARTIES

### Plaintiffs

9.      Plaintiff Fidencio Cano Armenta has been employed at Malaysia Grill from approximately February 2013 until the present, except for a break in employment in or around March 2020 until in or around June 2020 in connection with Malaysia Grill's closure due to the COVID-19 pandemic.

10.      During his employment, Defendant Yeo referred to Mr. Cano as "Pancho." Throughout his employment, Mr. Cano prepared and delivered food, washed dishes, and cleaned the restaurant, including the kitchen and bathroom.

11.      Plaintiff Moises García Santiago has been employed at Malaysia Grill from approximately March 2011 until the present,  except for a break in employment in or around March 2020 until in or around May 2020 in connection with Malaysia Grill's closure due to the COVID-19 pandemic.

12.      During his employment, Defendant Yeo referred to Mr. García as "Martino." Throughout his employment, Mr. García has prepared and delivered food, washed dishes, and cleaned the restaurant, including the kitchen and bathroom.

13.      When Mr. García resumed work in or around May 28, 2020, prior to resuming his regular duties, he was tasked with re-painting the restaurant's interior as part of its re-opening.

### Defendants

14.      Singapore Grill NY Inc. d/b/a Malaysia Grill is a corporation organized and existing under the laws of the State of New York with a principal office located at 224 West 104th Street, New York, New York 10025.

15.     Singapore Grill NY Inc. d/b/a Malaysia Grill has owned and operated Malaysia Grill restaurant, located at 224 West 104th Street, New York, New York 10025 during at least the time period of on or about July 15, 2014 to the date of this Complaint.

16.     From on or about July 15, 2014 to the date of this Complaint, at all times that Plaintiffs worked at Malaysia Grill, Singapore Grill NY Inc. d/b/a Malaysia Grill was a privately held corporation, incorporated on or about July 15, 2014.

17.     At all times that Plaintiffs worked at Malaysia Grill from on or about July 15, 2014 to the date of this Complaint, Singapore Grill NY Inc. d/b/a Malaysia Grill was engaged in the sale of food for consumption within its premises and was a "restaurant" within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.1.

18.     At all times that Plaintiffs worked at Malaysia Grill from on or about July 15, 2014 to the date of this Complaint, Singapore Grill NY Inc. d/b/a Malaysia Grill had eleven or more employees and thus was a "large employer" within the meaning of NYLL § 652.

19.     Upon information and belief, throughout the period Plaintiffs worked at Malaysia Grill, from on or about July 15, 2014 to the date of this Complaint, Singapore Grill NY Inc. d/b/a Malaysia Grill was an enterprise engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. § 203(d), in that it:

a.     had employees engaged in commerce or in the production of goods for commerce, or who handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce by any person, including but not limited to spices and other supplies that come from foreign countries, including but not limited to China, Thailand and/or Malaysia; and

b.     had an annual gross volume of sales of not less than $500,000.

4

20.     At all times Plaintiffs worked at Malaysia Grill from on or about July 15, 2014 to the date of this Complaint, Singapore Grill NY Inc. d/b/a Malaysia Grill had control over Plaintiffs, including the ability to (i) hire and fire Plaintiffs; (ii) supervise and control Plaintiffs' shifts and conditions of employment; (iii) determine Plaintiffs' rate and method of payment; and (iv) maintain employment records for Plaintiffs.  In possessing such control, Singapore Grill NY Inc. d/b/a Malaysia Grill was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL § 190.

21.     Upon information and belief, Jimmy Yeo a/k/a Hoon Chye Yeo was the sole or majority owner of Singapore Grill NY Inc. d/b/a Malaysia Grill at all times Plaintiffs worked at Malaysia Grill from on or about July 15, 2014 to the date of this Complaint.

22.     Upon information and belief, from their respective hire dates through to the date of this Complaint, Defendant Yeo had the authority to hire and fire Plaintiffs, supervise and set Plaintiffs' schedules, determine the rate and method of payment for Plaintiffs, maintain Plaintiffs' employment records, and assign work responsibilities to Plaintiffs.

23.     Defendant Yeo is the person who hired Mr. Cano to work at Malaysia Grill.

24.     Defendant Yeo hired Mr. Cano in or around February 2013.

25.     Defendant Yeo terminated Mr. Cano's employment in or around March 2020.

26.     Defendant Yeo re-hired Mr. Cano in or around June 2020.

27.     Defendant Yeo is the person who hired Mr. García to work at Malaysia Grill.

28.     Defendant Yeo hired Mr. García in or around March 2011.

29.     Defendant Yeo terminated Mr. García's employment in or around March 2020.

30.     Defendant Yeo re-hired Mr. García in or around May 28, 2020.

31.     At all times Plaintiffs worked at Malaysia Grill from their respective hire dates to the date of this Complaint, Defendant Yeo determined Plaintiffs' work schedules.

32.     At all times Plaintiffs worked at Malaysia Grill from their respective hire dates to the date of this Complaint, Defendant Yeo determined Plaintiffs' method and rate of pay.

33.     At all times Plaintiffs worked at Malaysia Grill from their respective hire dates to the date of this Complaint, Defendant Yeo personally handed Plaintiffs their weekly pay every Sunday.

34.     At all times Plaintiffs worked at Malaysia Grill from their respective hire dates to the date of this Complaint, Defendant Yeo directed Plaintiffs' daily work activities.

35.     Therefore, at all times Plaintiffs worked at Malaysia Grill from their respective dates of hire to the date of this Complaint, Defendant Yeo was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL § 190.

## FACTS

### Working Conditions

36.     Plaintiffs' work has at all relevant times included daily food preparation, dish washing, restaurant cleaning, and food delivery.

37.     Throughout the time that Plaintiffs have worked for Defendants at Malaysia Grill, both Plaintiffs have spent, on average, more than two hours per shift and more than 20 percent of their work hours per shift performing work for which they could not earn tips (*e.g.*, food preparation, cooking, dishwashing, storing food, and cleaning the restaurant's premises).

38.     Defendants never established hourly rates of pay for any Plaintiff or informed them that any hourly rates of pay existed.

39.     Defendants never paid any Plaintiff "spread of hours" compensation—meaning an additional hour of wages at the applicable minimum wage for a workday spanning longer than ten hours.

40.     Defendants never paid any Plaintiff overtime premiums.

41.     Defendants never notified either Plaintiff, either in writing or orally, of the applicable minimum wage or Defendants' intention to claim a "tip credit" under either the FLSA or NYLL.

42.     Upon information and belief, Defendants also failed to establish, maintain, and preserve for at least six years, weekly payroll records showing the tip credits claimed as part of the minimum wage as required under the New York law.  N.Y.C.R.R. § 146-2.17.

43.     Plaintiffs have never received any direct tips for their work inside the restaurant— they have not received tips from patrons dining in the restaurant or taking their food with them. Plaintiffs only have received tips from completing deliveries outside of the restaurant.

44.     In addition, Plaintiffs have never received any break time.

<u>Hours Worked and Wages Paid</u>

*Plaintiff Fidencio Cano Armenta*

45.     From the date Mr. Cano was hired in or around February 2013 until his employment was terminated in or around March 2020, he normally worked six days per week:  two days working 12 hour shifts and four days working 6 hour shifts.  Throughout that period of time, Mr. Cano worked 48 hours per week.  Throughout that period of time, Defendants paid Mr. Cano $180 per week, which is equivalent to $3.75 per hour.  The salary Mr. Cano received was below the applicable New York State and Federal minimum wages.

46.     From the date Mr. Cano was rehired in or around June 2020 until on or around August 8, 2023, he normally worked six days per week:  two days working 11 hour shifts and four days working 5 hour shifts.  Throughout that period of time, Mr. Cano worked approximately 42 hours per week.  Throughout that period of time, Defendants paid Mr. Cano $320 per week, which is approximately $7.61 per hour.  The salary Mr. Cano received was below the applicable New York State minimum wage, and at times with the unlawful deductions discussed further below, fell below the applicable Federal minimum wage.

47.     From on or around August 8, 2023 to the date of this Complaint, he normally worked two days per week, for approximately 11 hours per day, for a total of approximately 22 hours per week.  Throughout this period of time, Defendants paid Mr. Cano $160 per week, which is approximately $7.27 per hour.  The salary Mr. Cano received was below the applicable New York State minimum wage, and at times with the unlawful deductions discussed further below, fell below the applicable Federal minimum wage.

*Plaintiff Moises García Santiago*

48.     From the date Mr. García was hired in or around March 2011 until his employment was terminated in or around March 2020, he normally worked six days per week, for approximately 12 hours per day, for a total of approximately 72 hours per week.  Throughout that period of time, Defendants paid Mr. García $240 per week, which is approximately $3.33 per hour. The salary Mr. Cano received was below the applicable New York State and Federal minimum wages.

49.     From the date Mr. García was rehired in or around May 2020 to the date of this Complaint, he normally worked six days per week, for approximately 11 hours per day, for a total of approximately 66 hours per week.  Throughout that period of time, Defendants paid Mr. García

$480 per week, which is approximately $7.27 per hour.  The salary Mr. Cano received was below the applicable New York State minimum wage, and at times with the unlawful deductions discussed further below, fell below the applicable Federal minimum wages.

<u>Notice Violations</u>

50.     At the time of Plaintiffs' hiring, Defendants failed to provide Plaintiffs with any written notice containing the employees' rate of pay and basis thereof, the frequency of their pay, allowances claimed, the name of the employer, and "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, among other items, as required by NYLL § 195(1).

51.     At the time of Plaintiffs' re-hiring after Malaysia Grill re-opened in or around May 2020 following a closure during the COVID-19 pandemic, Defendants again failed to provide Plaintiffs with any written notice containing the employees' rate of pay and basis thereof, the frequency of their pay, allowances claimed, the name of the employer, and "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required by NYLL § 195(1).

52.     Defendants' failure to provide Plaintiffs with a notice of their wage rates and other required information effectively concealed from Plaintiffs, or interfered with Plaintiffs' ability to identify and assess, the wage violations that were, and remain, ongoing.  Plaintiffs' resulting lack of information complicated, or impeded, Plaintiffs' efforts to remedy those violations.  Because of the resulting underpayment of wages, Plaintiffs were deprived of the opportunity to spend their wages on necessary expenses, including household expenses, food, housing, utilities, and other

items; to save their wages in interest-bearing accounts; to support their families; or to otherwise invest their wages in other ways that could generate additional earnings.

Paystub Violations

53.     Throughout Plaintiffs' employment to the date of this Complaint, Defendants failed to provide Plaintiffs any notice, at the time of payment of wages or afterward, explaining or demonstrating:  gross wages, the number of regular or overtime hours worked, the regular hourly rate of pay and basis thereof, the overtime rate of pay, allowances claimed as part of the minimum wage, and other information as required by NYLL § 195(3).

54.     Defendants' failure to provide Plaintiffs with pay statements effectively concealed from Plaintiffs, or interfered with Plaintiffs' ability to identify and assess, the wage violations that were, and remain, ongoing.  Plaintiffs' resulting lack of information complicated, or impeded, Plaintiffs' efforts to remedy those violations.  Because of the resulting underpayment of wages, Plaintiffs were deprived of the opportunity to spend their wages on necessary expenses, including household expenses, food, housing, utilities, and other items; to save their wages in interest-bearing accounts; to support their families; or to otherwise invest their wages in other ways that could generate additional earnings.

Unreimbursed Expenses (Unlawful Deductions)

55.     Throughout the course of employment, Plaintiffs incurred significant expenses to purchase and maintain transportation equipment necessary to perform their deliveries.  These expenses included bicycles (electric and manual) and associated maintenance costs and safety equipment.  Defendants never reimbursed Plaintiffs for these expenses.

56.     Upon information and belief, Plaintiffs were required in the course of their regular job responsibilities to make bicycle deliveries.

57.     Upon information and belief, Defendants were aware that Plaintiffs were using bicycles (including battery powered or motorized bicycles) to make deliveries.

58.     Defendants did not provide either Plaintiff a bicycle, nor reimburse them for the cost of purchasing a bicycle.

59.     Defendants did not provide any bicycle delivery operating or safety equipment, such as vests, helmets, or bicycle lights, nor reimburse Plaintiffs for the cost of purchasing such equipment.

60.     Defendants did not pay or reimburse Plaintiffs for any bicycle maintenance costs.

61.     As a result, throughout the course of their employment at Malaysia Grill, Plaintiffs incurred significant expenses to purchase and maintain the transportation equipment necessary to remain employed at Malaysia Grill.

62.     The significant expenses incurred by Plaintiffs further decreased their effective wages such that their effective hourly rates were below the applicable minimum wages, in violation of FLSA and NYLL.

<u>Defendants' Willful Violations</u>

63.     Various factors indicate that Defendants knew or, at the very least, showed reckless disregard as to whether their conduct was prohibited by the FLSA.

64.     As an owner and operator of a New York City restaurant, Defendant Yeo was obligated to know and comply with the laws governing his business.  This is particularly true given the nature of his business, which relies on labor performed by employees working in the kitchen, waiting tables, and delivering meals to their customers.

65.     Further, upon information and belief, Defendant Yeo has worked in the restaurant business in New York City for decades and Defendant Yeo's spouse also works in the restaurant

industry.  Thus, Defendant Yeo would have had plenty of personal experience and sufficient notice of the governing laws applicable to running a restaurant and employing others.  Given the high levels of regulation placed on restaurants operating in New York City, Defendant Yeo could not have ignored the laws central to his core business.

66.     Defendants also directly paid for and supervised Plaintiffs' working schedules and, thus, were aware of the number of hours worked by Plaintiffs and the actual wages they received. For these reasons, Defendants should have been aware that Plaintiffs' wages were well below the statutory minimum and that Plaintiffs were owed overtime premiums.

67.     Based on the foregoing factors, Defendants knew or were reckless in not knowing that Plaintiffs were not compensated in an amount commensurate with the number of hours worked and in compliance with the FLSA.  Consequently, Defendants willfully violated the FLSA.

Statute of Limitations

68.     The applicable statute of limitations is subject to then-Governor Cuomo's Covid-19 Pandemic Executive Orders tolling the filing deadlines in civil litigation in New York Courts. The Executive Orders allow claims to have an additional 228 days within which to be timely interposed.  *See Brash v. Richards*, 195 A.D.3d 582 (2d Dept. 2021).

69.     The additional 228 day window allows Plaintiffs to seek damages going back to approximately July 2017.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of FLSA 29 U.S.C. § 206,**
**Against All Defendants)**

70.     All Plaintiffs repeat, re-allege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

71.     At all times relevant to this action, Plaintiffs were and continue to be employed by Defendants within the meaning of the FLSA 29 U.S.C § 203(e), and were engaged in interstate

commerce and/or in the production of goods for commerce within the meaning of the FSLA 29 U.S.C. § 203(d).

72.   Defendants willfully employed Plaintiffs as "employees" within the meaning of the FSLA, 29 U.S.C. § 203(e) because the Plaintiffs were individuals "employed by an employer," with "employer" defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . but does not include any labor organization."

73.   Defendants were required to pay Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

74.   Defendants failed to pay Plaintiffs the minimum wage required by the FLSA throughout Plaintiffs' employment at Malaysia Grill, in violation of 29 U.S.C. § 206.

75.   Upon information and belief, Defendants willfully failed to pay Plaintiffs the required minimum wage under the FLSA for each hour worked.

76.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages for Plaintiffs' unpaid minimum wages and an equal amount of liquidated damages as provided by the FLSA, in addition to attorneys' fees and costs, along with such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of NYLL § 650 *et seq.*,**
**Against All Defendants)**

77.   All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

78.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

79.   The NYLL requires employers to pay all non-exempt employees the prevailing minimum wage for all hours worked.  NYLL § 650 et seq.  Non-exempt employees include "any

individual employed or permitted to work by an employer in any occupation." NYLL § 651(5). Plaintiffs were non-exempt employees entitled to minimum wage under the NYLL.

80.     Throughout the time period covered by the applicable statute of limitations, and upon information and belief, Defendants failed to pay Plaintiffs the minimum wage as required by NYLL § 652 and the supporting regulations of the New York State Department of Labor.

81.     Plaintiffs seek and are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, an amount equal as liquidated damages pursuant to the NYLL § 198, attorneys' fees and costs of the action, pre- and post-judgment interest along with such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Overtime Wages in Violation of the 29 U.S.C. § 207,**
**Against All Defendants)**

82.     All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

83.     At all times relevant to this action, Defendants have been and/or continue to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FSLA 29 U.S.C. § 203.

84.     Defendants willfully employed Plaintiffs as "employees" within the meaning of the FSLA, 29 U.S.C. § 203(e).

85.     Under the FLSA, no employer shall employ any of their employees who in any workweek are employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than 40 hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which they are employed. 29 U.S.C. § 207.

86.     In violation of the FLSA, Plaintiffs worked in excess of 40 hours per week without receiving any additional compensation.  29 U.S.C. § 207.

87.     Defendants willfully failed to pay Plaintiffs overtime for all hours worked in excess of 40 hours per week.

88.     Plaintiffs seek and are entitled to recover damages from Defendants, jointly and severally, for their unpaid overtime wages, an equal amount as liquidated damages as provided for by the FLSA, as well as attorneys' fees and costs, along with such other and further relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of NYLL § 650 *et seq.***
**and 12 N.Y.C.R.R. 146-1.4,**
**Against All Defendants)**

89.     All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

90.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2 and 651.

91.     Under New York law, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay, or one-and-a-half times the applicable minimum wage.  12 N.Y.C.R.R. § 146-1.4.

92.     Throughout the period covered by the applicable statute of limitations, and upon information and belief, Defendants failed to pay Plaintiffs at the overtime rate of at least one-and-a-half times the regular rate of pay, or one-and-a-half times the applicable minimum wage, for each hour worked in excess of 40 hours per week as required by the NYLL and accompanying regulations.

93.     Plaintiffs seek and are entitled to recover from Defendants, jointly and severally, their respective unpaid overtime wages, an equal amount as liquidated damages as provided for by the NYLL, as well as  attorneys' fees, costs, pre- and post-judgment interest along with such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Failure to Pay Spread of Hours in Violation of 12 N.Y.C.R.R. 146-1.6, Against All Defendants)

94.     All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

95.     Plaintiffs are non-exempt employees of Defendants within the meaning of the New York Wage Regulations, specifically N.Y.C.R.R. § 146.1.6, as well as NYLL §§ 2 and 651.

96.     New York's spread of hours law provides that hourly, nonexempt employees whose workday begins and ends more than 10 hours apart are owed an extra hour of pay, known as a Spread of Hour rate as follows:  "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."  12 N.Y.C.R.R. § 146-1.6.

97.     Throughout Plaintiffs' employment at Malaysia Grill, Defendants failed to pay Plaintiffs an additional hour of pay at the minimum wage for each day Plaintiffs worked a spread of hours in excess of 10 hours per day.

98.     Defendants, therefore, violated New York Labor Law, including but not limited to 12 N.Y.C.R.R. §§ 146-1.6.

99.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours wages, an equal

amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest along with such other and further relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION
### (Failure to Provide Wage Notice in Violation of NYLL § 195(1), Against All Defendants)

100.    All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

101.    New York law mandates that upon the hire of an employee, the employer must furnish a notice to the employee containing the employee's rate of pay, the frequency of their pay, allowances claimed, the name of the employer, and "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, among other items. NYLL § 195(1)(a).

102.    Defendants failed to provide such wage notice to Plaintiffs, both at the time of each Plaintiff's initial date of hire and, again, at the time of each Plaintiff's re-hire after Malaysia Grill's closure in March 2020.  Defendants thus violated NYLL § 195(1)(a).

103.    Plaintiffs each seek and are entitled to maximum statutory damages under NYLL § 198(1-b) of $5,000 for Defendants' violations of NYLL § 195(1), in addition to interest, reasonable attorneys' fees, and costs of the action.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Pay Statements in Violation of NYLL § 195(3), Against All Defendants)

104.    All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

105.    New York law mandates that employers furnish employees with a statement with every payment of wages.  NYLL § 195(3).

17

106.    Throughout Plaintiffs' employment at Malaysia Grill, Defendants failed to provide Plaintiffs with a written statement at the time wages were paid containing the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked.

107.    Defendants' acts violated NYLL § 195(3) throughout Plaintiffs' employment.

108.    Plaintiffs seek and are each entitled to maximum statutory damages under NYLL § 198(1-d) of $5,000 for Defendants' violations of NYLL § 195(3), in addition to interest, reasonable attorneys' fees, and costs of the action.

**EIGHTH CAUSE OF ACTION**
**(Unlawful Deductions in Violation of NYLL § 193 and 12 N.Y.C.R.R 146-2.7,**
**Against All Defendants)**

109.    All Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if set forth fully herein.

110.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

111.    Under New York law, no employer shall make any deduction from the wages of an employee, except as provided by this statute.  NYLL § 193, N.Y.C.R.R. § 146-2.7.

112.    It also provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer.  *Id.*

113.    Upon information and belief, Defendants required Plaintiffs to pay various expenses on behalf of Malaysia Grill necessary to perform their work, including but not limited to purchasing bicycles, helmets, safety vests, and other related gear, as well as maintenance and repair costs on said items.

114.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unreimbursed expenses, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest along with such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.     Declaring that Defendants' conduct complained of herein is in violation of the Federal and New York State labor laws;

B.     Awarding Plaintiffs unpaid minimum wages, overtime wages, and spread of hours wages;

C.     Awarding Plaintiffs damages for unreimbursed expenses;

D.     Awarding Plaintiffs liquidated damages;

E.     Awarding Plaintiffs damages due to violations of New York Labor Law § 195 for failure to provide required notices and pay statements;

F.     Awarding Plaintiffs attorneys' fees and costs;

G.     Awarding Plaintiffs pre- and post-judgement interest;

H.     Awarding Plaintiffs any such further relief as may be just and proper.

Dated: New York, New York
      February 20, 2024

Respectfully Submitted,

/s/ Christopher R. Harris
Christopher R. Harris
Jooyoung Yeu
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
christopher.harris@lw.com
jooyoung.yeu@lw.com

Benjamin Locke
David A. Colodny
CATHOLIC MIGRATION SERVICES
47-01 Queens Blvd., Suite 203
Sunnyside, New York 11104
(347) 472-3500
blocke@catholicmigration.org
dcolodny@catholicmigration.org

*Attorneys for Plaintiffs*