UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIDENCIO CANO ARMENTA, *et al.*,

                Plaintiffs,

-v-

SINGAPORE GRILL NY INC., *et al.*,

                Defendant.

24-CV-1261 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Counsel for the parties appeared for a telephone conference on October 9, 2024. For the reasons explained on the record during that conference, the below motions are disposed of as follows.

    Defense counsel's motion for leave to withdraw as attorneys (ECF No. 63) is DEFERRED. The case is STAYED pending the Court's decision on the motion. Defense counsel are directed to use their best efforts to contact Defendant Singapore Grill and its owner and alert them of the pending motion to withdraw. Defense counsel shall promptly file a status update with the Court should they establish any contact with Singapore Grill or its owner.

    Plaintiffs' motion for various forms of relief based on inadequacies in Defendant Yeo's 30(b)(6) deposition and alleged spoliation of evidence (ECF No. 62) is DEFERRED pending the Court's decision on the motion to withdraw.

    Plaintiffs' motion for leave to file an amended complaint (ECF No. 31) is DENIED.

    Defendants' cross-motion to preclude Plaintiffs from using records provided pursuant to the settlement stipulation to substantiate its amended complaint (ECF No. 43) is GRANTED.

    Defendants' cross-motion for sanctions (ECF No. 43) is DENIED.

Plaintiffs' motions for leave to effect alternative service on non-parties Minwei Jiang, Hsiao Ching Ngchen, and Man Chiu Lee (ECF No. 49) and on non-party Hailing Chen (ECF No. 53) are GRANTED IN PART.  Plaintiffs are directed to effect service by affixing and mailing the service papers at the addresses for these individuals previously provided by Defendants.  Defendants shall provide updated contact information for these individuals to Plaintiffs if such information becomes available.  If Defendants obtain such contact information but fail to timely disclose it to Plaintiffs, Defendants will be precluded from introducing the testimony of such individuals as evidence at trial.

Defendants' previously deferred motion to quash Plaintiffs' subpoenas to Zhen Zhong Accounting (ECF No. 36) is GRANTED IN PART.  The subpoenas are modified to exclude requests for information relating only to Defendants' "financial condition" and any other information relevant only to Plaintiffs' putative fraudulent conveyance claims.  Any documents already produced by Zhen Zhong Accounting pursuant to Plaintiffs' subpoenas that relate only to Defendants' "financial condition" or are relevant only to Plaintiffs' fraudulent conveyance claims are hereby placed under a protective order, and Plaintiffs are barred from using such documents for any purposes that are inconsistent with the Settlement Stipulation (ECF No. 43-2).

Plaintiffs' motion to compel Zhen Zhong Accounting to comply with their deposition subpoena (ECF No. 52), as modified by this order, is GRANTED.

Plaintiffs' motion to compel Sui Ping Zhuang to appear for a deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure (ECF No. 53) is GRANTED.  Counsel for Defense counsel are directed to use their best efforts to contact Ms. Zhuang to alert her of the Court's order that she appear for the deposition.  Plaintiffs shall not conduct the deposition until the Court terminates the stay in this matter.

The Clerk of Court is directed to close the motions at ECF Nos. 31, 43, 49, 52, and 53.

SO ORDERED.

Dated: October 9, 2024
      New York, New York

_____
J. PAUL OETKEN
United States District Judge